# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

NICHOLAS BOX                                                                                    PLAINTIFF


v.                                          NO. 3:09CV00210 HDY


MICHAEL J. ASTRUE,                                                               DEFENDANT
Commissioner of the Social
Security Administration


### MEMORANDUM OPINION AND ORDER


BACKGROUND. Plaintiff Nicholas Box ("Box") began his attempt to obtain benefits by filing applications for disability insurance benefits and supplemental security income benefits pursuant to the provisions of the Social Security Act ("Act"). His applications were denied initially and upon reconsideration. He next requested, and received, a de novo hearing before an Administrative Law Judge ("ALJ"), who eventually issued a decision adverse to Box. He then appealed. The Appeals Council affirmed the decision of the ALJ, which became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). Box then commenced the proceeding at bar by filing a complaint pursuant to 42 U.S.C. 405(g). In the complaint, he challenged the Commissioner's final decision.

-1-

STANDARD OF REVIEW.  The sole inquiry for the Court is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole.  The standard requires the Court to take into consideration "the weight of the evidence in the record and apply a balancing test to evidence which is contrary."  See Heino v. Astrue, 578 F.3d 873, 878 (8th Cir. 2009) [internal quotations and citations omitted].

THE COMMISSIONER'S FINDINGS.  The ALJ made findings pursuant to the five step sequential evaluation process.  At step one, the ALJ found that Box has not engaged in substantial gainful activity since the amended alleged onset date.  At step two, the ALJ found that Box has the following severe impairments: "[a]rthritis and degenerative joint disease in the right ankle, residuals from fracture of lower limb, shortness of breath, and chest pain ..."  See Transcript at 41.  At step three, the ALJ found that Box does not have an impairment or combination of impairments listed in, or medically equal to one listed in, the governing regulations.  The ALJ then assessed Box's residual functional capacity and found that he can perform sedentary work with some additional limitations. At step four, the ALJ found that Box cannot perform his past relevant work because the demands of the work exceed his residual functional capacity.  At step five, the ALJ found that considering Box's residual functional capacity, age, education, and work experience in conjunction with the testimony of vocational expert, there are jobs that exist in significant numbers in the national economy that Box can perform.  Accordingly, the ALJ concluded that Box is not disabled within the meaning of the Act.

-2-

BOX'S ASSERTIONS OF ERROR.   Are the ALJ's findings supported by substantial evidence on the record as a whole?  Box thinks not and advances two reasons why.[1]  The Commissioner maintains in response that Box's brief is deficient for two reasons: first, portions of his assertions of error are not tailored to the record; and second, he included citations to regulations that do not support his assertions.[2]  Given those deficiencies, the Commissioner has liberally construed Box's brief to encompass the following four issues:

---

[1]

His two reasons are as follows: (1) the ALJ failed to evaluate the severity of Box's chronic pain and discredited his complaints and limitations of his right ankle, and (2) the ALJ erred in not awarding Box a closed period of disability.

[2]

With regard to the first deficiency, the Commissioner notes the following:

"... Plaintiff cites on pages 12 through 15 and page 19 of his brief findings that are not in the ALJ's decision, as well as medical reports that are not in the certified administrative record.  The quoted credibility finding is not in the ALJ's decision.  ...  Also, contrary to Plaintiff's argument, the ALJ did not find that he could perform his past relevant work.  ...  Instead, the ALJ found at step four of the sequential evaluation [process] that Plaintiff could not perform his past relevant work, but at step five could perform other work that existed in significant numbers in the national economy.  ...  Plaintiff also discusses medical reports dated July 2, 2007, and July 5, 2007, that are not contained in the present certified administrative record.  These are not likely to be Plaintiff's medical reports, as they refer to auditory impairments that Plaintiff does not allege he has.  ...  Finally, Plaintiff argues that the ALJ erred in finding that he did not have any limitations in ability to walk or stand.  ...  Actually, the ALJ found that Plaintiff's ability to stand and walk was limited to two hours out of an eight-hour work day.  ..."

See Document 11 at 5.  With regard to the second deficiency, the Commissioner notes the following:

"... Plaintiff cited to 20 C.F.R. 404.1567(c) and 416.967(c) as stating that sedentary work involves lifting up to 25 pounds with frequent lifting up to 10 pounds.  ...  He further purports to quote the regulations and the *Dictionary of Occupational titles (DOT)* as indicating that sedentary work involves standing and walking at least six hours out of an eight hour day, lifting 25 pounds maximum with frequent lifting and/or carrying of objects weighting up to 10 pounds.  ...  Neither the regulations nor the *DOT* describe sedentary work–or any other exertional level–in this manner.  Instead, sedentary work involves lifting no more than ten pounds at a time and occasionally lifting or carrying small objects.  ...  In addition[], the work requires sitting most of the time, but may involve occasional walking or standing.  ..."

See Document 11 at 5-6.

(1) whether the evidence supports the ALJ's credibility evaluation, (2) whether the evidence supports the ALJ's finding regarding Box's residual functional capacity, (3) whether the vocational expert's testimony supports a finding that Box is not disabled, and (4) whether the ALJ properly found that Box was not disabled at any time.  Because the Commissioner has construed Box's brief to advance four assertions, the Court will do likewise.

THE ALJ'S CREDIBILITY EVALUATION.   Box first challenges the credibility evaluation made by the ALJ.  In Pearsall v. Massanari, 274 F.3d 1211, 1218 (8th Cir. 2001), the Court of Appeals stated the following with regard to the proper evaluation of a claimant's credibility:

> … Before determining a claimant's [residual functional capacity], the ALJ must evaluate the claimant's credibility.  In evaluating subjective complaints, the ALJ must consider, in addition to objective medical evidence, any evidence relating to: a claimant's daily activities; duration, frequency and intensity of pain; dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320 (8th Cir.1984).  Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole. Id. at 1322.  …  The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts.  [Citation omitted].

"The ALJ is not required to discuss each [Polaski v. Heckler] factor as long as the analytical framework is recognized and considered."  See Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004).

The ALJ found that Box experiences some pain and gave that fact "due consideration."   See Transcript at 43.   The ALJ nevertheless found that "the symptomatology suffered by [Box] is not of a duration, frequency, or intensity as to be disabling, nor would it preclude the performance of sedentary work with ... additional limitations ..."  See Transcript at 44.

The ALJ's findings as to Box's credibility are supported by substantial evidence on the record as a whole.   The ALJ considered the objective medical evidence, see Transcript at 41-43; cited the governing regulations and Polaski v. Heckler, 739 F.2d 1320 (8th Cir.1984),  see Transcript at 43; and engaged in a brief discussion of the evidence touching on the Polaski v. Heckler factors, see Transcript at 43-44.  With specific regard to Box's daily activities, which appear to be the focal point of his challenge to the ALJ's credibility findings, the ALJ could and did find that Box's daily activities are not consistent with the severity of pain he claims to be experiencing.[3]  In that regard, the ALJ could properly rely, in part, upon the fact that Box began working as a delivery driver for a local restaurant in June 2008 and works approximately fifteen to eighteen hours a week.  In addition, with specific regard to the dosage and effectiveness of medication, the ALJ could and did find that Box does not take medication for pain on a

---

[3]

As the Commissioner correctly noted, Box's daily activities include "caring for [a] two year old daughter, doing household chores, performing his personal care needs, cooking microwavable meals, folding laundry, washing dishes, shopping in stores, playing video games, watching television, and spending time with others."  See Document 11 at 8.

regular basis.

BOX'S RESIDUAL FUNCTIONAL CAPACITY.   Box next challenges the residual functional capacity finding made by the ALJ.   Residual functional capacity is simply an assessment of "the most a person can do despite that person's limitations."  See Brown v. Barnhart, 390 F.3d 535, 538-39 (8th Cir. 2004).   The assessment is made using all of the relevant evidence in the record and must be supported by "medical evidence that addresses [the person's] ability to function in the workplace."  See Id. at 539.

The ALJ found that Box retains the residual functional capacity to perform sedentary work with some limitations.   Specifically, the ALJ found the following:

> … the claimant has the residual functional capacity to lift and carry up to 10 pounds frequently and objects such as files, ledgers, and dockets frequently; stand and/or walk for up to a total of 2-hours during an 8-hour workday; sit for up to a total of 6-hours during an 8-hour workday; and occasionally balancing, stooping, crouching, kneeling, crawling, pushing, and pulling; frequently reaching and feeling.   The [ALJ] finds that the claimant is unable to climb or be exposed to unprotected heights and extreme vibrations.

See Transcript at 41.

The Court is satisfied that the ALJ's findings as to Box's residual functional capacity are supported by substantial evidence on the record as a whole.   In assessing Box's residual functional capacity, the ALJ considered the medical evidence.   See

Transcript at 42-43.  It reflects that Box has some physical limitations, the primary one involving an injury to his right ankle.  The record reflects that his ankle injury causes him some limitation in mobility, see Transcript at 204, 211, 252, and the ALJ credited that evidence in finding that Box can only stand and/or walk for up to a total of two hours during a normal workday.  There is nothing in the record to suggest, however, that his ankle injury or any other injury impairs his ability to sit for up to a total of six hours during a normal workday.[4]

In assessing Box's residual functional capacity, the ALJ also considered the non-medical evidence.  See Transcript at 43-44.  It reflects that he complains of pain, and the ALJ gave the complaints due consideration.  The ALJ could and did find, however, that the non-medical evidence was such that it does not preclude Box from sitting for up to a total of six hours during a normal workday.  As the Court noted above, the ALJ could and did find that, among other things, Box's daily activities and the dosage and effectiveness of medication are not consistent with the severity of pain he claims to be experiencing.

THE VOCATIONAL EXPERT'S TESTIMONY.  Box next challenges the testimony offered by the vocational expert.  Testimony from a vocational expert is substantial

---

[4]

    For instance, Dr. Patricia Knotts found during a post-hearing consultative orthopedic examination of Box that he has a "right ankle injury ... with some osteonecrosis and degenerative joint changes," see Transcript at 252, but is nevertheless capable of sitting for up to a total of six hours during a normal workday, see Transcript at 254.

evidence on the record as a whole when the testimony is based on a correctly phrased hypothetical question that captures the consequences of a claimant's deficiencies.  <u>See</u> <u>McKinley v. Apfel</u>, 228 F.3d 860 (8th Cir. 2000).  The question need not contain every impairment alleged by the claimant, <u>see</u> <u>Haggard v. Apfel</u>, 175 F.3d 591 (8th Cir. 1999), but it must include the impairments supported by substantial evidence on the record as a whole.  <u>See</u> <u>Goff v. Barnhart</u>, 421 F.3d 785 (8th Cir. 2005).

The ALJ solicited the testimony of a vocational expert at step five and asked him to assume the following hypothetical individual:

> Let's assume a hypothetical individual who is 23 years of age, with a high school education, and further assume that this hypothetical individual can lift and carry up to 10 pounds occasionally.  This individual can, can stand and walk for a total of two hours in an eight-hour work period, that the individual can sit for a total of six hours in an eight-hour work period, that the individual can never climb, occasionally balance, stoop, crouch, kneel, crawl.  There's no listed impairment with ability to reach and feel.  Push, pull at least 10 pounds.  No impairment with ability to see, hear and speak.  Individual cannot work at heights or in areas of extreme vibration.  Would that hypothetical individual be able to engage in any of the past relevant work of the claimant?

<u>See</u> Transcript at 27.  The vocational expert testified that the hypothetical individual would not be able to engage in any of Box's past relevant work.  When asked if there were other jobs in the regional or national economy that the hypothetical individual

could perform, the vocational expert testified that there were.[5]

The Court is satisfied that the ALJ's hypothetical question was correctly phrased in that it captured the consequences of Box's deficiencies.   In addition to correctly identifying his age and education, the question correctly captured the essence of his residual functional capacity.   Specifically, the question incorporated the findings made by, among others, Dr. Roger Cagle, who opined that Box's only limitation was "limited mobility in his right foot [with] pain," see Transcript at 204, and Dr. Patricia Knotts ("Knotts"), who opined that Box has a right ankle injury but is capable of sitting for up to a total of six hours during a normal workday, see Transcript at 254.   The question also incorporated Knotts' findings that Box cannot climb, balance, crouch, crawl, or work at heights or in areas of extreme vibrations and can only occasionally climb stairs, stoop, or kneel.   See Transcript at 255-257.

WHETHER BOX WAS DISABLED AT ANY TIME.   Box last challenges the finding that he was not disabled at any time.   He appears to maintain that the ALJ erred in refusing to award a closed period of benefits.   Box's challenge is without merit for at least two reasons.   First, he has not identified the closed period for which he believes he is entitled to benefits.   Second, he has not identified the medical basis for his claim,

---

[5]

The vocational expert identified the jobs as involving semi-skilled, sedentary work, two of which were "a group of bookkeeping and accounting work."  See Transcript at 28.  He also identified an unskilled, sedentary job the hypothetical individual could perform, that being, a production assembler.

specifically, he has failed to offer evidence supporting his claim of disability and evidence supporting his claim that his condition improved to such a degree that he could return to work.   His reliance upon Knotts' report is, as the Commissioner's notes, misplaced as her findings contained therein buttress the ALJ's findings.

CONCLUSION.  The Court finds that there is substantial evidence on the record as a whole to support the ALJ's findings.  Accordingly, Box's complaint is dismissed, all requested relief is denied, and judgment will be entered for the Commissioner.

IT IS SO ORDERED this ____20____ day of October, 2010.


_____
UNITED STATES MAGISTRATE JUDGE